

FILED

12/29/2020

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: OP 20-0593

IN THE SUPREME COURT OF THE STATE OF MONTANA

OP 20-0593

FILED

DEC 2 9 2020

Bowen Greenwood
Clerk of Supreme Court
State of Montana

GREGORY LEMOYNE WELLS,

Petitioner,

v.

O R D E R

TONY HARBAUGH and MIKE WILLEMS,

Respondents.

Gregory Lemoyne Wells petitions this Court for habeas corpus relief, contending that his sentence upon revocation is illegal because his new offenses were later dismissed in the City Court for Miles City, Montana. He includes copies of pertinent attachments.

Wells contends that he is illegally incarcerated. He explains that in July 2020, he received misdemeanor citations over several days for operating a motor vehicle while under the influence of alcohol; operating with expired registration, and driving without a valid driver's license. He adds that on July 23, 2020, the State of Montana filed a Petition to Revoke in the Custer County District Court. Wells states that the City Court issued an Order in October dismissing his pending misdemeanor charges. Wells asks to be returned to West Virginia via interstate compact. He also requests his return to probation and an investigation into his assigned Probation and Parole Officer because he did not have an intervention pursuant to Montana Incentives and Interventions Grid (MIIG). Sections 46-23-1028 and 46-18-203, MCA.

This Court does not conduct investigations. Further, Wells's attachments reveal that his arguments lack merit. Wells was on felony probation before he committed these new offenses. On June 8, 2020, the Custer County District Court sentenced Wells for felony partner or family member assault to a five-year term with all but forty-eight days suspended. On July 22, 2020, an officer with the Miles City Police Department conducted a traffic stop, leading to a charge of DUI. The State's Petition to Revoke noted that Wells

committed two alcohol violations during six weeks of probation. The City Court dismissed just two of Wells's four pending misdemeanor charges and did not dismiss the DUI charge. On September 21, 2020, the District Court found that Wells violated his recently imposed felony suspended sentence and revoked it. The District Court sentenced Wells to a five-year term with the Department of Corrections, awarding Wells 100 days' credit for time served, which included forty-eight days from his original sentence and fifty-two days for his sentence upon revocation.

Wells is not entitled to credit for either good time or street time. Good time credit applies to sentences imposed before 1995. Section 53-30-105, MCA (1995) (1995 Mont. Laws, ch. 372, §§ 12(2), 13, repeal eff. Oct. 1, 1997). Wells committed his felony offense in 2020. Pursuant to Montana law, the District Court was clear in not awarding Wells any time while on probation:

> Regarding the interim since June 8, 2020, based upon review of the testimony and Report of Violation, the Defendant is due NO CREDIT for satisfactory intervening supervision. The Defendant was not in compliance with supervision for this period. During the six-week period (prior to the Petition to Revoke), the Defendant had three contacts with law enforcement and two alcohol violations.

Judgment, Order Finding Violation of Suspended Sentence, and Imposition of Final Sentence, at 5 (Mont. Sixteenth Judicial Dist. Ct., Sept. 25, 2020) (emphasis in original). *See* § 46-18-203(7)(b), MCA. The court addressed Wells's request to be transferred to West Virginia and concluded that his recent violations prevented such request: "Waiting to transfer to West Virginia before beginning programing would have been fine if the Defendant would have otherwise maintained compliance; but the Defendant used alcohol while failing to begin programming intended to support his sobriety." Judgment, Order Finding Violation of Suspended Sentence, and Imposition of Final Sentence, at 5.

Wells can find no relief with this Court. While Wells argues that he was not arrested for these new offenses, all his attachments indicate he was cited for breaking the law. The District Court found that Wells was in violation of his probationary terms and conditions.

2

Section 46-18-203(8)(c), MCA. We note that Wells complained about his Probation and Parole Officer to Adult Probation and Parole. In December, the regional office reviewed the actions of Wells's Probation and Parole Officer, explaining that the MIIG was correctly applied and that his Probation and Parole Officer committed no misconduct. Habeas corpus is not a proper avenue to challenge a sentence upon revocation. Section 46-22-101(2), MCA.

We conclude that Wells has not established a claim for habeas corpus relief.

IT IS THEREFORE ORDERED that Wells's Petition for a Writ of Habeas Corpus is DENIED and DISMISSED.

The Clerk is directed to provide a copy of this Order to Sheriff Tony Harbaugh, Custer County; to Probation Officer Mike Willems, Miles City Probation and Parole Office; to counsel of record; and to Gregory Lemoyne Wells personally.

DATED this 29th day of December, 2020.

_____
Chief Justice

_____
_____
_____
_____
Justices

3